(90 Hun, 455.)

ROGERS et al. v. McGUIRE et al.

(Supreme Court, General Term, First Department. November 15, 1895.)

1. WITNESS—TRANSACTION WITH DECEDENT—EXCEPTION IN STATUTE.
   Under Code Civ. Proc. § 829, prohibiting a party to an action from testifying in his own behalf against the executor or administrator of a deceased person, as to a personal transaction with decedent, except where the executor or administrator has testified in his own behalf in reference thereto, the adverse party may testify only to such transactions as have been directly testified to by the executor, and not to other and independent transactions with the decedent, for the purpose of explaining, impairing, or contradicting the testimony of the executor.

2. WILL—PROVISION AS TO ADVANCEMENTS—CONSTRUCTION.
   A will contained the following provision: "I direct that no deduction shall be made from the share of any of my children by reason of any sums which I have heretofore given or advanced to, or for account of, either of them." Held, that such provision applied only to gifts or advancements made before the execution of the will.

**3. PAYMENT—PRESUMPTION—POSSESSION OF NOTE BY MAKER.**
    The fact that a son who is sought to be charged with an indebtedness to the estate of his deceased father has in his possession the note given for such indebtedness does not raise a presumption of payment, as against the father's personal representative.

Appeal from special term, New York county.

Action by Henry P. Rogers and others, executors of the will of Nathaniel P. Rogers, deceased, against Frank I. McGuire and another. From a judgment for plaintiffs, defendant Nathaniel P. Rogers appeals. Affirmed.

The opinion of Mr. Justice LAWRENCE at special term is as follows:

This action is brought by three of the executors of the will of Nathaniel P. Rogers, deceased, against the defendants, composing the firm of McGuire & Rogers; the defendant Nathaniel P. Rogers being also an executor of the will of his father, Nathaniel P. Rogers, deceased. It is alleged in the complaint that the testator, Nathaniel P. Rogers, at sundry times loaned to the defendants, as copartners, divers sums of money, aggregating $50,000, which said several sums of money the defendants promised and agreed to repay to the testator; that such sums had not been paid at the time of the death of the testator, nor since; and that the same are now wholly due and owing from them. Nathaniel P. Rogers died on the 22d day of April, 1892, and his will, bearing date the 26th day of December, 1885, was admitted to probate May 24, 1892. The answer of the defendant Nathaniel P. Rogers admits that Nathaniel P. Rogers, the testator, indorsed for the firm of McGuire & Rogers, a note for $3,000, which was discounted by the Poughkeepsie National Bank; that when said note became due and payable it was renewed by another note for the same amount, indorsed by the said Nathaniel P. Rogers, which was also discounted at the said bank; that when the last-mentioned note became due and payable it was taken up by the said Nathaniel P. Rogers, deceased, and held by him. He further alleges that, to secure the payment of said note, the defendants, McGuire & Rogers, assigned to the said Nathaniel P. Rogers, deceased, a bond for $2,971 and interest, made by Robert I. Marston to them, secured by a mortgage on lands situate in the state of Iowa; that said bond and mortgage are still held by the estate of the said Nathaniel P. Rogers, deceased, and are, as defendant is informed and believes, more than an adequate security for the payment of the said note. He denies that the said Nathaniel P. Rogers loaned to the said firm divers sums of money, amounting to $50,000, or any other sum, except temporary loans, which were repaid, or that they ever promised or agreed to pay to the testator said sum, or any other sum, except what may be implied from the payment of the aforesaid note for them. For a second defense, the defendant Nathaniel P. Rogers sets out the will of his father, Nathaniel P. Rogers, in extenso, and claims that under the thirteenth clause thereof the testator released him of and from all claims of every kind and nature whatsoever, and that he is indebted to the said estate in no respect whatever. By the thirteenth clause of his will the said testator provided as follows: "I direct that no deduction shall be made from the share of any of my children by reason of any sums which I have heretofore given or advanced to, or for account of, either of them." And by the fourteenth clause of his will he constituted and appointed his sons, Henry P. Rogers, Nathaniel P. Rogers, Jr. (the defendant), John Bard Rogers, and his son-in-law, Charles D. Fuller, to be executors of his will. In other portions of his will he had constituted them trustees of his estate, both real and personal, during the joint lives of his daughter, Elizabeth M. Rogers, and his grandson, John Shillito Rogers, with power to lease, etc., and to pay the rents, issues, and profits of his real estate, from time to time, to his five children, in equal shares, naming them, etc. For a third defense, the defendant Rogers pleads the statute of limitations as to such of the alleged loans as were made be-

fore April 22, 1886. The answer of the defendant McGuire admits that the testator, Nathaniel P. Rogers, did advance to the defendants in this action, as copartners under the firm name and style of McGuire & Rogers, sums of money aggregating $12,971, and alleges that payment of $2,971 of the $12,-971 so advanced was secured to said Nathaniel P. Rogers by a mortgage upon certain lands in the state of Iowa; that as to the remaining $10,000 advanced by Nathaniel P. Rogers, the testator, the said claim was subsequently transferred and delivered to the defendant Nathaniel P. Rogers as a gift from the testator to him; and he avers that the defendant Nathaniel P. Rogers claims to be the owner thereof, and has given notice to the defendant McGuire to that effect. Upon the trial it appeared that all of the amounts claimed by the plaintiffs were barred by the statute of limitations, save and except the sum of $1,000, claimed to have been loaned on the 12th of May, 1889; $3,000, claimed to have been loaned on the 25th of May, 1889; $4,000, claimed to have been loaned on the 19th of December, 1890; and $6,000, on the 20th of January, 1891. All of these alleged loans were made after the date of the will. It further appeared from the evidence that McGuire & Rogers delivered to the testator a bond and mortgage of one Marston as security for the first two loans; that McGuire took out a policy of insurance upon his own life in the Equitable Life Assurance Society, and assigned the same to the testator as security for the note given for the last two loans, and all other sums were therefore excluded from consideration.

On the trial, testimony was received from the defendant Nathaniel P. Rogers, subject to the plaintiffs' objection, to the effect that the deceased delivered to him the $10,000 note of McGuire, and the policy on McGuire's life, and told him that they were a gift to him, the said defendant. I am of the opinion that such evidence should not be received, and it is therefore stricken out and disregarded. It was claimed by the defendants that this testimony was admissible, because the plaintiffs had themselves opened the door for its admission—First, by certain testimony of the plaintiff Henry P. Rogers, one of the executors; and, secondly, by the testimony of the defendant McGuire. I do not think that this position is tenable. The rule is that under the provision of Code Civ. Proc. § 829, prohibiting a party to an action from testifying in his own behalf against the executor or administrator of a deceased person as to a personal transaction or communication with the deceased, except when the executor or administrator has testified in his own behalf in reference thereto, the exception is confined strictly to the transaction testified to by the personal representative, and that the party cannot be permitted to testify to another and independent personal transaction for the purpose of explaining, impairing, or contradicting the testimony so given. Martin v. Hillen, 142 N. Y. 140, 36 N. E. 803; Clift v. Moses, 112 N. Y. 426, 20 N. E. 392; De Verry v. Schuyler (Sup.) 8 N. Y. Supp. 221. Henry P. Rogers, the executor, was not examined as to the giving of the notes in question, nor as to the alleged gift by the testator to the defendant Nathaniel P. Rogers of the $10,000 note, and the policy of insurance upon the life of McGuire. He was asked the general question, "Do you know whether your father, in his lifetime, made loans to the firm of McGuire & Rogers?" And he answered, "I do." He was not asked, except as to one item, as to the time when such loans were made, nor does he seem to have testified as to any of the items mentioned in the bill of particulars, excepting the item of $3,000, of May 31, 1886; and when it was discovered that he was not speaking, as to that item, of his personal knowledge, the court struck out his testimony. The testimony having been stricken out and being disregarded, it cannot now be claimed as having opened the door for testimony by the defendant Rogers in respect to a personal gift from his father to him of the $10,000 note, and of the policy on the life of McGuire. It is obvious, also, that the testimony of the defendant Rogers, proposed to be admitted, did not relate to the same transaction as that in regard to which his brother, the plaintiff executor, had been interrogated. Nor do I think that the plaintiffs, in placing McGuire upon the stand elicited from him such evidence as entitled the defendant Rogers to testify as to the personal transaction between him and his father in respect to the

alleged gift of the $10,000 note, and the policy of insurance. That was a subsequent personal transaction between the testator and the defendant Rogers, in respect to which McGuire was not examined; and under the case of Martin v. Hillen, supra, the defendant Rogers was prohibited from testifying thereto.

If these views are correct, the result follows that in respect to the items of $1,000, $3,000, $4,000, and $6,000, the testator held a valid claim against the firm of McGuire & Rogers, and against the defendant Rogers individually, at the time of his decease, unless the provision of the will above set forth released the defendant Rogers from liability therefor. The general rule is, of course, that a will speaks from the date of the death of the testator, and not from its date, unless its language, by fair construction, indicates a contrary intention. It is contended by the plaintiffs that it is apparent from the will in this case that the testator, when directing that the sums which he had given or advanced to his children should not be deducted from the share of any of them, referred to gifts or advancements existing at the date of the will, and that he did not intend that such provision should relate to any gifts or advances thereafter made. The cases of Wetmore v. Parker, 52 N. Y. 450, and Van Alstyne v. Van Alstyne, 28 N. Y. 375, are relied upon by the plaintiffs in support of this interpretation of the will. In this contention I think that the plaintiffs are correct. The language of the will is that "no deduction shall be made from the share of any of my children by reason of any sums which I have heretofore given, or advances to or for account of, either of them." In Van Alstyne v. Van Alstyne, supra, the action was brought by the executors of the testator, against one of his sons, to recover upon two promissory notes, and the language of the will was that the testator released his children from "any charge I have made against them, or either of them." In that case there was a will and a codicil; the will being dated in 1850, and the codicil in 1855. The notes were dated, respectively, November 1, 1854, and April 1, 1856; and the latter note had an indorsement thereon, dated April 6, 1857, showing the payment of interest. The court held that the codicil amounted to a republication of the will, and must be held to speak, in regard to the release of charges, as of the time of the execution of the codicil. This would have exempted the defendant from liability upon the first note, but not upon the second; but the court also held in that case that the words "any charge" could not be held applicable to promissory notes. Judge Selden, delivering the opinion of the court, says: "Words of present tense have often, though not uniformly, been held thus to limit the subject of the gift. 1 Jarm. Wills, 278, 279. My interpretation of the present will is that the words, 'from any charge I have made,' show an intention on the part of the testator to limit the release to charges existing at the time when the will was executed." It seems to me that the language of the present will is even stronger than that which was the subject of construction in the case of Van Alstyne v. Van Alstyne. The testator restricts the provisions against the deduction from the share of any of his children to such sums as "I have heretofore given" or advanced, etc. I think he clearly intended by that to limit the exemption to such sums as he had given or advanced prior to the date of the execution of his will, which was December 26, 1885. Furthermore, it may well be doubted, under the decision in Van Alstyne v. Van Alstyne, whether moneys loaned can be regarded as sums given or advanced to any of his children. See, also, Sanford v. Sanford, 61 Barb. 299. It is claimed, however, by the defendant Nathaniel P. Rogers that, as he produced the $10,000 note and the policy upon the trial of this action, the plaintiffs cannot, upon the evidence as it stands, recover, and that the obligation rests upon the plaintiffs to show that the debt is still outstanding. Under the circumstances of this case, I do not think that this contention can be sustained. See Grey v. Grey, 47 N. Y. 552. I am of the opinion, therefore, that the plaintiffs are entitled to judgment in respect to the items of $1,000, of April 12, 1889; $3,000, of May 25, 1889; $4,000, of December 19, 1890; and $6,000, January 20, 1891,—with interest thereon, but that the judgment should provide that upon the payment of the $1,000 and $3,000 an assignment of the

Iowa mortgage should be made by the executors of the estate to the defendants, or to such of the defendants as shall make the payment. Plaintiffs should also have their costs. Enter decision accordingly, and settle on notice.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Jacob F. Miller, for appellant.
T. D. Kenneson, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.